402 A.2d 994

COMMONWEALTH of Pennsylvania, ex rel. Robert E.
COLVILLE, District Attorney of Allegheny County,
Pennsylvania, and Ben Rosenberg, Appellant,

v.

Stephen P. LAFFEY, Chief Magistrate of the City Court
of the City of Pittsburgh.

Supreme Court of Pennsylvania.

April 27, 1979.

Allen N. Brunwasser, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Charles W. Johns, Kemal Alexander Mericli, Asst. Dist. Attys., Mead J. Mulvihill, Jr., City Sol., Marvin A. Fein, Asst. City Sol., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX and MANDERINO, JJ.

## ORDER

PER CURIAM.

On November 17, 1978, a criminal complaint charging various offenses was filed against Ben Rosenberg, petitioner, in the City of Pittsburgh, County of Allegheny. Petitioner voluntarily surrendered to the police authorities under these charges on November 21, 1978, pursuant to an arrangement made on petitioner's behalf by his counsel, that he would be promptly processed, arraigned and admitted to bail. In violation of the agreement between petitioner's counsel and the police officials involved the petitioner's

arraignment and ultimate admission to bail was unnecessarily delayed. Further, a dispute arose as to the time, place and magistrate before whom the preliminary hearing was to be held. The controversy was heightened by the purported issuance of a second criminal complaint for the same charges which would require a second arrest and arraignment if valid.

To resolve these disputes and assure the orderly disposition of the pending criminal charges, this Court accepts jurisdiction pursuant to section 726 of the Judicial Code, 42 Pa. C.S.A. § 726. The matter has been briefed and orally argued, during the course of which petitioner, through his counsel, has *agreed to waive* all formal objections to the procedures employed in his arrest and arraignment. We now direct that the second criminal complaint issued against the petitioner be dismissed; that a preliminary hearing be held on the original complaint before Magistrate Douglas W. Reed, within fifteen days of the filing of this order; and that the bail originally entered remain in force and that any further application for change thereof is to be made to this Court.

It is so ordered.

LARSEN, J., did not participate.